JACKSONVILLE TERMINAL CO. v. GENEVA BLACKSHEAR, *as* Administratrix of Estate of David Blackshear, deceased.

162 So. 509.

Opinion Filed June 20, 1935.

Rehearing Denied July 6, 1935.

*Julian Hartridge,* for Plaintiff in Error;

*Evan Evans* and *George C. Bedell,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review a judgment in favor of plaintiff in a suit brought as Administratrix to recover damages for the wrongful death of one David Blackshear, who was plaintiff's husband.

Deceased was a mail porter in the employ of the defendant, a common carrier by rail; and was killed by a collision between the mail tractor which he was driving and a train of cars propelled by a locomotive over the tracks of the defendant by its agents and employees.

The right to a recovery is governed by Section 1 of the Federal Employers' Liability Act of April 22, 1908, being compiled as United States Code Annotated, Title 45, Sec. 51, reading as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories or between any of the States and Territories, or between

the District of Columbia and any of the States or Territories, or between the District of Columbit or any of the States of Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment."

Having carefully examined the record, we find that it discloses substantial evidence that the death of the deceased was caused at least in part by the negligence of defendant's agents and servants in charge of and then operating the above mentioned train of cars. We also find that there is some substantial evidence showing contributory negligence on the part of the deceased, but it appears not to have been to such a degree as was the negligence of the train crew.

It appears that the jury gave due consideration to all material matters legally presented and that no reversible error is reflected by the record.

The judgment should be affirmed and it is so ordered. Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.